William H. MILLER, Appellant,

v.

**PATTON–TULLY TRANSPORTATION COMPANY, INC., Appellee.**

No. 87–1155.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 22, 1989.
Decided July 7, 1989.

Jeanne Sathre, Wood River, Ill., for appellant.

Bettina E. Brownstein, Little Rock, Ark., for appellee.

Before JOHN R. GIBSON and BEAM, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

PER CURIAM.

■ William H. Miller appeals from a district court order finding that Patton–Tully's failure to provide means other than a cable by which its employees could move from a lower barge to a higher barge did not pose an unreasonable risk of harm to its employees, and that Patton–Tully accordingly was not at fault for Miller's injuries. This order was entered following our earlier remand in this case. *See Miller v. Patton–Tully Transp. Co.*, 851 F.2d 202 (8th Cir.1988). Miller argues that our remand was improper, and that the district court findings are contrary to those in its earlier opinion, unsupported by or contrary to the record, and made solely for the purpose of justifying the district court's determination that Patton–Tully was not liable. In addition, Miller argues that the district court improperly separated the issue of whether Patton–Tully was negligent with respect to the cable from that of whether negligence arises from the presence of a tool box and a counterweight near the cable. We affirm the judgment of the district court.

We reject Miller's invitation to conclude that our order of remand was improper and should be set aside. It is the law of the case.

■ The district court opinion sets out elements of negligence gleaned from *Johnson v. A/S Ivarans Renderei*, 613 F.2d 334 (1st Cir.1980), *cert. denied*, 449 U.S. 1135, 101 S.Ct. 959, 67 L.Ed.2d 325 (1981), which the parties agreed establishes the applicable legal principles. The district court found that Patton–Tully knew or could have discovered its employees' use of the cables to pass between barges, and concluded that the critical issue before it was whether Patton–Tully knew or should have known that the condition would pose an unreasonable risk of harm to longshoremen working on board ship. It also found that there was a three- or four-foot difference in height between the barges, which were flush, and pointed to the testimony of Mil-

ler himself that he and all his co-workers had used cables in going from one barge to another, and that he was able to use his hand to steady himself during the movement.

The court's earlier opinion observed that this movement entailed a slight element of hazard even though it was the accepted method of moving between barges of uneven heights. *See Miller*, 851 F.2d at 205. The district court found further that this posed only a minimal threat to health and safety and pointed to the apparent ease with which the maneuver could be executed, one that it described as no more hazardous than walking on a typical barge dock among wires, cables, kevels and timberheads. No alternate means of movement was suggested by either party. Balancing all factors, the district court found that the failure to provide some other means for movement did not pose an unreasonable risk of harm to the employees, and that Patton–Tully was not at fault. We are satisfied that the district court, in making this analysis, did not consider Miller's own negligence in reaching its conclusion that the use of the cable did not pose an unreasonable risk of harm to longshoremen. These findings are not, as suggested by Miller, inconsistent with those made after the trial, nor did the district court err in looking only to the single remaining issue posed by our remand.

Miller argues that the district court's findings are contrary to the uncontradicted testimony of Patton–Tully's representative that crossing by means of the cable was not the best or safest way to cross between barges of unequal height. We believe that the district court recognized this testimony in finding that there was a slight element of hazard in this method of crossing. It was for the district court to weigh and analyze this testimony in determining whether the practice posed an unreasonable risk of harm to longshoremen, and we are satisfied that it did so in making its findings of fact. On the record before us, we cannot conclude that the findings of the district court were clearly erroneous. *See* Fed.R.Civ.P. 52(a); *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–75, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985).

The judgment of the district court is affirmed.